PAGES 1 – 25

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY

IN THE MATTER OF THE SEARCH        )
OF A RESIDENCE IN APTOS,           )  NO.  17-MJ-70656
                                   )
                                   )  SAN FRANCISCO, CALIFORNIA
                                   )  THURSDAY, MARCH 1, 2018
_____)


**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  11:12 A.M. – 11:40 A.M.**

**APPEARANCES:**

| | |
|---|---|
| **FOR THE GOVERNMENT** | UNITED STATES ATTORNEY |
| | 450 GOLDEN GATE AVENUE |
| | SAN FRANCISCO, CALIFORNIA  94102 |
| **BY:** | **JULIE D. GARCIA, AUSA** |
| | |
| **FOR DEFENDANT** | IMHOFF & ASSOCIATES, PC |
| | 12424 WILSHIRE BOULEVARD |
| | SUITE 700 |
| | LOS ANGELES, CALIFORNIA  90025 |
| **BY:** | **SHANNON DORVALL, ESQUIRE** |
| | |
| | LAW OFFICES OF CHRISTOPHER PARKHURST |
| | 1007 7TH STREET |
| | SUITE 302 |
| | SACRAMENTO, CALIFORNIA 95814 |
| **BY:** | **CHRISTOPHER PARKHURST, ESQUIRE** |


*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*RETIRED OFFICIAL COURT REPORTER, USDC*

```
 1   THURSDAY, MARCH 1, 2018                          11:12 A.M.
 2   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO
 3   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER
 4   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)
 5                          ---oOo---
 6                          PROCEEDINGS
 7           THE COURT:  17-CV-03944, USA VERSUS SEARCH WARRANT.
 8           MS. GARCIA:  GOOD MORNING, YOUR HONOR.  JULIE GARCIA
 9   FOR THE UNITED STATES.
10           THE COURT:  GOOD MORNING.
11           MS. DORVALL:  GOOD MORNING.  SHARON DORVALL FOR
12   MR. SPENCER.
13           THE COURT:  ALL RIGHT.  GOOD MORNING.
14           SO MR. SPENCER IS NOT PRESENT.  IS THE DEFENDANT
15   WILLING TO WAIVE HIS PRESENCE THIS MORNING?
16           MS. DORVALL:  YES, YOUR HONOR.
17           THE COURT:  SO THE COURT WILL WAIVE HIS PRESENCE AT
18   THE HEARING, WHICH IS, IN ANY EVENT, ABOUT A SEARCH WARRANT,
19   ALTHOUGH HE IS THE PARTY IN INTEREST, AN INTERESTED PARTY WITH
20   THE SEARCH WARRANT.
21           SO THIS IS -- THE GOVERNMENT IS SEEKING UNDER THE ALL
22   WRITS ACT AN ORDER COMPELLING MR. SPENCER TO DECRYPT, I GUESS
23   IS THE WORD, THREE DEVICES; THE IPHONE 7, THE TRANSCEND 1 TB
24   EXTERNAL HARD DRIVE, AND THE ALIENWARE LAPTOP.
25           I UNDERSTAND MR. SPENCER IS OPPOSING THE ORDER ON THE
```

1    GROUNDS OF HIS FIFTH AMENDMENT PRIVILEGE AGAINST

2    SELF-INCRIMINATION.

3              **MS. DORVALL:**  YES, YOUR HONOR.

4              **THE COURT:**  OKAY.  SO I DO BELIEVE AN ALL WRITS ACT

5    ORDER HERE WOULD BE APPROPRIATE, JUST IN TERMS OF THE ALL WRITS

6    ACT.  THERE ISN'T ANY OTHER STATUTE THAT APPLIES.  THE

7    ENCRYPTION AND THE REFUSAL TO DECRYPT IS INTERFERING WITH THE

8    COURT'S SEARCH WARRANT, SO I DON'T KNOW -- I DON'T BELIEVE YOU

9    REALLY OPPOSE THAT SO MUCH.

10             **MS. DORVALL:**  THE REFUSAL TO DECRYPT --

11             **THE COURT:**  WELL, THAT THE ALL WRITS ACT IS AN

12   APPROPRIATE VEHICLE.  THERE'S THE SEPARATE ISSUE OF THE FIFTH

13   AMENDMENT.

14             **MS. DORVALL:**  YES.

15             **THE COURT:**  ANYWAY, I FIND THAT'S APPROPRIATE.

16             SO THEN WE GO TO THE FIFTH AMENDMENT PRIVILEGE HERE.

17   I GUESS MY FIRST QUESTION IS, WHAT IS THE TESTIMONIAL ASPECT OF

18   THE DECRYPTION THAT THE DEFENDANT IS CLAIMING?

19             **MS. DORVALL:**  HE WOULD BE FORCED TO ADMIT POSSESSION,

20   CONTROL, AND IN SOME MANNER THAT HE COULD MANIPULATE THE

21   DEVICE.

22             **THE COURT:**  OKAY.  SO LET'S START WITH POSSESSION.

23   WITH RESPECT TO THE IPHONE 7 -- SO HERE THE GOVERNMENT IS NOT

24   DISPUTING THERE IS SOME TESTIMONIAL ASPECT TO THE DECRYPTION.

25   THEY'RE ARGUING THE FOREGONE CONCLUSION DOCTRINE.  SO PRETTY

1    NARROW IN THAT SENSE.

2              SO WITH RESPECT TO POSSESSION OF THE IPHONE 7, HE

3    ALREADY PUT HIS PASSWORD INTO THE -- IN THE IPHONE 7.  SO THAT

4    IT'S HIS PHONE IS A FOREGONE CONCLUSION, IS IT NOT?

5         **MS. DORVALL:**  THAT -- THAT THE PHONE IS HIS IS A

6    FOREGONE CONCLUSION, YES.

7         **THE COURT:**  OKAY.  ALL RIGHT.  SO THERE'S NO -- HE'S

8    NOT INCRIMINATING HIMSELF IN THAT WAY.  ALL RIGHT.

9              SO THEN WITH RESPECT TO THE EXTERNAL -- THE ALIENWARE

10   LAPTOP, THE SAME THING, HE ALSO PUT IN HIS -- I BELIEVE

11   ACCESSED IT IN FRONT OF LAW ENFORCEMENT WITH THE PASSCODE.

12        **MS. DORVALL:**  YES.  I BELIEVE, THOUGH, IT'S IMPORTANT

13   TO NARROW DOWN THE ISSUE THAT IT'S NOT JUST POSSESSION OF THE

14   PHONE ITSELF.  THEY WANT ACCESS TO APPS WITHIN THE PHONE.

15        **THE COURT:**  NO, NO, I UNDERSTAND.  BUT I'M FIRST

16   JUST -- I WANT TO PIERCE IT OUT.

17        **MS. DORVALL:**  OKAY.

18        **THE COURT:**  BECAUSE CLAIMING THAT THERE IS A

19   VIOLATION OF THE FIFTH AMENDMENT TO SELF-INCRIMINATION, SO

20   THERE'S NOT A PRIVILEGE AGAINST THE GOVERNMENT GETTING EVIDENCE

21   THAT IS INCRIMINATING, RIGHT?  IT HAS TO BE SELF-INCRIMINATION,

22   COMPELLED SELF-INCRIMINATION.  SO I WANT TO BE PRECISE ABOUT

23   WHAT IS THE TESTIMONIAL ASPECT.

24             SO THERE'S NO -- SO IT'S A FOREGONE CONCLUSION THAT

25   IT'S HIS PHONE.  IT'S A FOREGONE CONCLUSION THAT IT'S HIS

1   LAPTOP.  OKAY.  NOW, IF IT'S A FOREGONE CONCLUSION IT'S HIS

2   PHONE, I THINK IT'S A FOREGONE CONCLUSION THAT ANY APP ON THE

3   PHONE IS HIS APP.

4           **MS. DORVALL:**  I BELIEVE THE ISSUE OF FOREGONE

5   CONCLUSION IS NOT WHETHER OR NOT IT'S HIS APP.  THE ISSUE IS

6   WHETHER OR NOT THAT APP CONTAINS INCRIMINATING INFORMATION.

7           **THE COURT:**  OKAY.  ALL RIGHT.  GOOD.  SO I -- THAT'S

8   WHY I'M TAKING IT IN STEPS.

9           OKAY.  SO THEN -- SO AT LEAST WITH THE PHONE AND THE

10  LAPTOP, THEN -- I DON'T HAVE TO SAY WE'RE IN AGREEMENT, BUT I

11  FIND IT'S A FOREGONE CONCLUSION THAT ANY APPS ON THOSE DEVICES

12  ARE HIS.

13          NOW, WITH RESPECT TO THE HARD DRIVE, HE HAS NOT PUT

14  ANYTHING, BUT I THINK THE EVIDENCE ESTABLISHES BEYOND ANY

15  DOUBT, FRANKLY, THAT THE HARD DRIVE BELONGS TO HIM.  IT WAS

16  FOUND IN HIS ROOM.  IT -- IT'S CONSISTENT WITH MR. SPENCER'S

17  TESTIMONY.  IT'S CONSISTENT WITH THE KICK DEVICES AND THE LIKE.

18          SO DID YOU HAVE AN ARGUMENT AS TO THAT?

19          **MS. DORVALL:**  HE WOULD, FOR PURPOSES OF THIS MOTION,

20  WOULD CONCEDE THAT THE ITEMS WERE FOUND IN HIS ROOM.  THE

21  EVIDENCE THAT THEY'RE USING FOR THE FOREGONE CONCLUSION THAT

22  THEY ARE HIS AND SOLELY WITHIN HIS POSSESSION ARE BASED ON THAT

23  OF HIS CODEFENDANT.  SO WHAT HE WOULD CONCEDE IS IF THEY WERE

24  FOUND IN HIS ROOM.

25          **THE COURT:**  OKAY.  ALL RIGHT.  THAT'S FINE.  THAT'S

1    ALL HE'S CONCEDING.

2            I'M FINDING IT'S A FOREGONE CONCLUSION.  AND LET'S --

3    I KNOW YOU MADE SOME ARGUMENT ABOUT HIS CODEFENDANT, BUT HIS

4    CODEFENDANT -- OF COURSE, THE REASON MR. SPENCER WAS EVEN

5    BROUGHT TO LAW ENFORCEMENT'S ATTENTION WAS BECAUSE HIS

6    CODEFENDANT, IMMEDIATELY UPON THE EXECUTION OF THE FIRST SEARCH

7    WARRANT, DIRECTED THEM TO HIM, AND HE HIMSELF THEN WAS

8    FORTHCOMING WITH THE GOVERNMENT.

9            AND THEN WE HAVE KIK MESSAGES THAT HAVE BEEN

10   RECOVERED THAT CORROBORATE A LOT OF WHAT HE SAID, AS WELL.  AND

11   THEN WE HAVE THE FACT THAT MR. PETERSON HIMSELF HAS THE

12   IDENTICAL HARD DRIVE, WHICH IS CONSISTENT WITH HIS TESTIMONY

13   ABOUT HOW HE GOT THAT HARD DRIVE AND THAT MR. SPENCER HAD THAT.

14           SO I FIND THAT IT'S A FOREGONE CONCLUSION, AS WELL,

15   THAT HE OWNS THE HARD DRIVE, AND SO THERE'S NOTHING -- NOT

16   VIOLATING HIS FIFTH AMENDMENT PRIVILEGE BY REQUIRING HIM TO

17   DECRYPT THE HARD DRIVE.

18           AND THEN I GUESS A SECOND TESTIMONIAL ASPECT WOULD BE

19   THAT HE KNOWS THE PASSWORD, RIGHT, TO DECRYPT THE APPS ON THE

20   DEVICES.

21           **MS. DORVALL:**  AT THIS POINT, I DON'T BELIEVE THAT IS

22   A GIVEN, AND PART OF THE REASON FOR THAT IS WHEN THE FBI

23   INTERVIEWED HIM, HE INDICATED THAT HE COULD NOT REMEMBER THE

24   PASSCODE FOR HIS IPHONE.  HE HAD TO USE, I BELIEVE, HIS THUMB

25   TO DECRYPT IT.  AND NOW THAT TIME HAS PASSED -- EVEN AT THE

1  TIME THEY EXECUTED THE SEARCH WARRANT, HE HAD NO PASSWORD.

2       **THE COURT:**  WELL, THAT'S A DIFFERENT ISSUE, RIGHT?

3  THAT WOULD, I SUPPOSE, COME UP LATER IN A CONTEMPT

4  PROCEEDING --

5       **MS. DORVALL:**  YES.

6       **THE COURT:**  -- IF HE CLAIMED TO BE NOT ABLE TO

7  REMEMBER.  BUT WHAT WE ARE CONCERNED HERE IS WHAT IS THE

8  TESTIMONIAL ASPECT.

9       ASSUMING HE COMPLIES WITH AN ORDER AND HE PUTS IN THE

10  CODE, RIGHT, THAT WOULD BE, ARGUABLY, TESTIMONY THAT HE KNOWS

11  CODE.  I THINK IT'S A FOREGONE CONCLUSION, WHETHER HE STILL

12  REMEMBERS IT OR NOT, THAT HE, AT ONE POINT AT LEAST, KNEW THE

13  CODE.  IT'S HIS PHONE.  THEY'RE HIS APPS.  WE HAVE THE KIK

14  MESSAGES.  AND MR. SPENCER'S -- I MEAN, IT'S JUST -- THAT'S

15  THAT.  SO I DON'T THINK THERE'S ANY FIFTH AMENDMENT PROBLEM

16  THERE.

17       SO LET'S GET TO REALLY WHAT YOUR THEN DISPUTE IS, IS

18  WITH RESPECT TO THE FILES THAT ARE -- ARE BEHIND THE ENCRYPTION

19  THAT MR. SPENCER PUT AND IS PRESENTLY REFUSING TO DECRYPT,

20  RIGHT?  THAT IN ITSELF CANNOT BE THE BASIS FOR THE FOREGONE

21  CONCLUSION, THAT THEY'RE ENCRYPTED AND THAT HE'S REFUSING,

22  RIGHT?

23       **MS. DORVALL:**  RIGHT.

24       **THE COURT:**  THAT IN ITSELF IS NOT SUFFICIENT.

25       BUT BEFORE WE GET TO THAT, I WONDER, BECAUSE IN A 3RD

1    CIRCUIT CASE IN A FOOTNOTE, THEY ACTUALLY SUGGESTED -- AND I

2    THINK THERE'S SOME POWER TO THIS -- THAT REALLY THE ONLY

3    TESTIMONIAL ASPECT ARE THOSE FIRST TWO THINGS, BECAUSE --

4    BECAUSE THE FILES THEMSELVES, IF THEY'RE ON THE PHONE THAT WE

5    KNOW IS HIS, HOW IS IT ANY MORE A FIFTH AMENDMENT VIOLATION THE

6    DISCLOSURE OF THOSE FILES?

7            **MS. DORVALL:**  WELL, PART OF THE FOREGONE CONCLUSION

8    REQUIRES THAT THEY HAVE TO PROVE WITH REASONABLE PARTICULARITY

9    THAT THEY ACTUALLY KNOW THE CONTENTS OF THOSE, AND I BELIEVE

10   THAT THEY HAVE NOT SHOWN THAT.

11           AND ALSO IN *APPLE MAC PRO*, THE 3RD CIRCUIT CASE TO

12   WHICH YOU'RE REFERRING --

13           **THE COURT:**  YEAH.

14           **MS. DORVALL:**  -- THEY WERE ACTUALLY NOT DIRECTLY

15   ADDRESSING THE ISSUE OF TESTIMONY OR THE FIFTH AMENDMENT AS, AT

16   THE DISTRICT COURT LEVEL, HIS COUNSEL FAILED TO OBJECT ON THAT,

17   SO THEY DIDN'T REACH THAT.  THEY WERE SIMPLY GOING ABOUT

18   CONTEMPT PROCEEDINGS.  SO THEY USED A MUCH, MUCH LOWER STANDARD

19   OF VIEW WHEN THEY WERE LOOKING AT THAT.

20           AND WITH THIS CASE, THEY -- OUR ISSUE WITH THE

21   FOREGONE CONCLUSION IS THAT THEY'RE RELYING ON THE INFORMATION

22   FROM A CODEFENDANT, SOME OF WHICH HAS BEEN CONFIRMED, OTHER

23   PARTS HE SAID HE CANNOT IDENTIFY WHICH LAPTOP WAS WHICH.

24           AND WHEN HE HAD SEEN THESE, IT WAS SEVERAL MONTHS

25   BEFORE THE WARRANT WAS ACTUALLY EXECUTED.  AND THERE'S NO

1    EVIDENCE THAT HE DIDN'T OBTAIN A NEW ONE -- LAPTOP IN THAT

2    TIME.

3             SO THE CODEFENDANT'S INABILITY TO IDENTIFY THE LAPTOP

4    SHOWS THAT THEY CAN'T PROVE WITH ANY REASONABLE PARTICULARITY

5    THAT THEY DO ACTUALLY KNOW WHAT'S ON ANY OF THOSE DEVICES.

6             AND WE WOULD SUGGEST THAT, AT THIS POINT, HE SAW HIM

7    PLUG HIS PHONE INTO A COMPUTER.  HE'S NOT SURE WHICH COMPUTER

8    IT WAS.  HE DIDN'T ACTUALLY SEE THE CONTENTS OF THE PHONES

9    THEMSELVES.  SO, REALLY, TO NARROW DOWN OUR ISSUE, OUR ISSUE IS

10   WE DON'T THINK THEY DO ACTUALLY KNOW WHAT'S ON THERE, AND

11   THEY'RE ASKING HIM TO PROVIDE TESTIMONY AGAINST HIMSELF IN THE

12   MANNER THAT, BY DECRYPTING IT, HE WOULD PROVE POSSESSION.

13        **THE COURT:**  WE KNOW HE POSSESSED THE PHONE.  THAT'S A

14   FOREGONE CONCLUSION.

15        **MS. DORVALL:**  YES, BUT --

16        **THE COURT:**  THAT'S A FOREGONE CONCLUSION.  HE PUT THE

17   PASSWORD IN.  IT'S HIS PHONE.  IT'S HIS APP.  ANYTHING -- ANY

18   FILE THAT'S THERE IS HIS.  THAT'S WHY I THINK ACTUALLY THAT

19   FOOTNOTE IS QUITE APT.

20             I DON'T REALLY QUITE UNDERSTAND THAT HOW THERE'S

21   ADDITIONAL TESTIMONY THAT -- THAT'S IT, RIGHT?  IT'S HIS PHONE.

22   THEY'RE HIS FILES.  IT'S HIS APP.

23        **MS. DORVALL:**  BUT THEN THERE IS ALSO THE ISSUE OF

24   SOLE CONTROL.  THERE IS SOME CASE LAW THAT SUGGESTS YOU HAVE TO

25   PROVE SOLE CONTROL, OR THE SUGGESTION, AT LEAST, THAT HE'S THE

1    ONLY ONE THAT CAN CONTROL ANY OF THOSE DEVICES.

2              **THE COURT:**  OKAY.  THERE'S ABSOLUTELY ZERO EVIDENCE

3    HERE, NOR DOES COMMON SENSE SUGGEST THAT ANYBODY ELSE

4    CONTROLLED HIS PHONE.

5              **MS. DORVALL:**  BUT IF WE'RE TALKING ABOUT FORCING HIM

6    TO DECRYPT A DEVICE THAT CONTAINS, BASED ON WHAT THE GOVERNMENT

7    IS SUGGESTING, SERIOUS, SERIOUS EVIDENCE OF A CRIME, THEN I

8    THINK THEY HAVE TO PROVE MORE THAN JUST A BELIEF GENERALLY THAT

9    IT CONTAINS INCRIMINATING EVIDENCE.  THIS IS HIS FIFTH

10   AMENDMENT RIGHT, AND I DON'T BELIEVE THEY'VE REACHED A FOREGONE

11   CONCLUSION.

12             **THE COURT:**  WELL, WHAT IS THE FIFTH AMENDMENT RIGHT?

13   SEE, THAT'S WHY I'M PUSHING YOU ON IT.  WHAT IS THE TESTIMONIAL

14   ASPECT TO IT?  WHAT IS IT -- THOSE FILES, NO ONE COMPELLED HIM

15   TO CREATE THOSE.  THOSE FILES EXISTED LONG BEFORE THE SEARCH

16   WARRANT WAS ACTUALLY ISSUED.

17             **MS. DORVALL:**  YES.

18             **THE COURT:**  SO HE WASN'T COMPELLED TO PRODUCE THOSE

19   FILES AT ALL.  WHAT'S -- WHAT'S -- ALL THAT'S BEING COMPELLED

20   IS DISCOVERY OF THE FILES THAT ARE THERE, THAT WE KNOW ARE

21   THERE.

22             SO -- SO WHAT IS THE TESTIMONIAL ASPECT?  THERE IS

23   TESTIMONY THAT HE KNOWS THE PASSWORD SHOULD HE DECRYPT IT.

24   THAT IS TRUE.  BUT AS I'VE SAID, I FIND IT'S A FOREGONE

25   CONCLUSION.  IT'S ALSO TESTIMONY THAT IT'S HIS PHONE, BUT ALSO

1    A FOREGONE CONCLUSION.

2             **MS. DORVALL:**  YEAH.  THE TESTIMONIAL ASPECT OF IT

3    WOULD BE THAT HE'D BE FORCED TO PROVIDE EVIDENCE AGAINST

4    HIMSELF.  I THINK IT'S THE VERY BASIS OF THE FIFTH AMENDMENT IN

5    THAT --

6             **THE COURT:**  OKAY.  WHAT CASE SAYS THAT?

7             **MS. DORVALL:**  I BELIEVE *U.S. VERSUS HUBBELL* AND *U.S.*

8    *VERSUS DAS* (PHONETIC), THAT HE WOULD BE REQUIRED TO PROVIDE

9    INCRIMINATING EVIDENCE AGAINST HIMSELF.

10            **THE COURT:**  NO, IT'S -- IT'S -- IT'S COMPELLED

11   TESTIMONY.  SO THERE HAS TO BE SOME TESTIMONIAL ASPECT TO IT,

12   SOME TESTIMONIAL ASPECT TO IT.  RIGHT?  IT'S NOT JUST PROVIDING

13   EVIDENCE.  IT'S NOT THE EVIDENCE.  IT'S NOT THE EVIDENCE

14   INCRIMINATING THAT IMPLICATES THE FIFTH AMENDMENT.  IT HAS TO

15   BE THAT YOU'RE TESTIFYING.

16            SO IT HAS TO BE THAT THE ACT OF PRODUCTION IS

17   VIOLATING THE FIFTH AMENDMENT.  HOW DOES THE ACT OF PRODUCTION,

18   OR HOW DOES -- HERE WE'RE TALKING ABOUT DECRYPTION, RIGHT?  IN

19   THE *HUBBELL* CASE, IT WAS BY ACTUALLY PRODUCING THE DOCUMENTS,

20   HE WAS PROVIDING TESTIMONY THAT THE DOCUMENTS ACTUALLY EXISTED

21   BECAUSE THE GOVERNMENT DIDN'T KNOW THAT THEY DID.

22            THERE, RIGHT, IT WAS KIND OF A BROAD SEARCH WARRANT.

23   BUT THAT'S NOT THE CASE HERE.  HERE IT'S DECRYPTION.  IT'S

24   LIKE -- IT'S THE SAME THING AS IF HE HAD A KEY, RIGHT?  IF HE

25   HAD A KEY, WE COULD GET THAT KEY AND UNLOCK IT IF IT WAS IN A

1    LOCKED FILE CABINET, AND THAT WOULDN'T VIOLATE THE FIFTH

2    AMENDMENT, WOULD IT?

3            **MS. DORVALL:**  I THINK IT DEPENDS.

4            **THE COURT:**  DON'T SAY THAT DEPENDS.  CITE ME A CASE,

5    BECAUSE THAT IS ABSOLUTELY NOT THE CASE THAT THE FIFTH

6    AMENDMENT REACHES GETTING A KEY AND UNLOCKING IT.  THERE'S NO

7    CASE THAT SUPPORT THAT.  SO --

8            **MS. DORVALL:**  I BELIEVE THAT THE *HUBBELL* CASE, WHEN

9    THEY WERE DISCUSSING THE ISSUE OF TESTIMONIAL -- THAT BY HIM

10   PROVIDING THE DOCUMENTS, THE DOCUMENTS THEMSELVES IN *HUBBELL*,

11   WHEN IT WAS REALLY TO THE ATTORNEYS IN THAT CASE, BUT WHEN HE

12   PROVIDED TO DOCUMENTS THEMSELVES, POSSESSION OF THE DOCUMENTS

13   THEMSELVES WAS NOT A CRIME.  IT WAS WHAT THEY INDICATED.

14           POSSESSION OF ANYTHING THAT THEY ARE SUGGESTING WOULD

15   BE IN THAT PHONE ON ITS FACE IS A CRIME.

16           **THE COURT:**  YES, BUT WE ALREADY KNOW HE POSSESSED

17   WHAT'S ON THAT PHONE.  THAT IS A FOREGONE CONCLUSION, THAT HE

18   POSSESSED WHAT'S ON THAT PHONE BECAUSE IT'S HIS PHONE.  HE PUT

19   THE PASSWORD IN.  IT'S HIS PHONE.  SO THAT'S A FOREGONE

20   CONCLUSION.  HE POSSESSED WHAT'S ON THAT PHONE.  SO WHAT IS THE

21   ADDITIONAL TESTIMONIAL ASPECT?

22           **MS. DORVALL:**  AT THIS POINT, THEY DON'T KNOW

23   EVERYTHING THAT'S ON THAT PHONE, AND THEY'RE FORCING HIM TO

24   PRODUCE EVIDENCE AGAINST HIMSELF.

25           AND DECRYPTION IS NOT THE SAME AS PUTTING A KEY IN A

```
 1    LOCK.  DECRYPTION INCLUDES YOU TAKING EVIDENCE THAT WOULD BE

 2    THE SAME AS HAVING BEEN PUT THROUGH A SHREDDER A DOZEN TIMES

 3    AND THEN PUTTING IT BACK TOGETHER AND TAPING IT AND HANDING --

 4            THE COURT:  WELL, THAT -- I THINK THAT'S GOING TOO

 5    FAR.  THE REASON DECRYPTION IS DIFFERENT FROM A KEY IS BECAUSE

 6    IT'S IN YOUR HEAD AND YOU HAVE TO DO SOMETHING.

 7            MS. DORVALL:  YES.

 8            THE COURT:  THAT'S THE -- THAT'S THE DIFFERENCE.

 9            MS. DORVALL:  YES.

10            THE COURT:  THAT'S THE DIFFERENCE.

11            (SIMULTANEOUS COLLOQUY.)

12            MS. DORVALL:  IT WAS FORCING HIM TO USE THE --

13            THE COURT:  RIGHT.

14            MS. DORVALL:  -- CONTENTS OF HIS MIND TO UNLOCK

15    SOMETHING.

16            THE COURT:  SO BUT THE CONTENTS OF HIS MIND IS THE

17    PASSWORD, AND THAT HE KNOWS THE PASSWORD IS A FOREGONE

18    CONCLUSION.  WE'VE ALREADY ESTABLISHED THAT.

19            SO THAT'S WHY I'M WONDERING -- NOW, TO BE FAIR, THERE

20    ARE -- THE CASES KIND OF SUGGEST THAT, IN THE 3RD CIRCUIT IN

21    THAT FOOTNOTE, THOUGH, I THINK THAT WAS QUITE APT.  BUT LET'S

22    JUST SKIP THAT FOR A MOMENT, BECAUSE I DON'T EVEN THINK WE NEED

23    TO DO THAT, AND I'LL HAVE MS. GARCIA -- WHY DO YOU -- BECAUSE

24    THE CASES -- EVEN THE 3RD CIRCUIT, I THINK, APPLIED THE

25    REASONABLE PARTICULARITY, TO SOME EXTENT, TO THE CONTENT,
```

1    RIGHT, WHAT WOULD BE THERE.  ALTHOUGH THEY DON'T -- I AM

2    TROUBLED.  I DON'T QUITE UNDERSTAND HOW THAT IS TESTIMONIAL,

3    BUT LET'S JUST ASSUME THAT IT IS.  WHAT IS THE EVIDENCE OF THE

4    REASONABLE PARTICULARITY SHOWING?

5            **MS. GARCIA:**  AS TO THE FACT THAT THERE'S CHILD

6    PORNOGRAPHY ON EACH OF THE DEVICES?

7            **THE COURT:**  UNDER -- RIGHT, UNDER THE ENCRYPTED FILE

8    APP.

9            **MS. GARCIA:**  YES, SO THE GOVERNMENT HAS SHOWN WITH

10   REASONABLE PARTICULARITY THAT EACH OF THE DEVICES DOES CONTAIN

11   CHILD PORNOGRAPHY, STARTING WITH THE APP ON THE PHONE.  FIRST

12   OF ALL, THAT PHONE CONTAINED TONS OF CHILD PORNOGRAPHY THAT

13   WE'VE ALREADY FOUND IN THE KIK MESSAGES, THE ONES EXCHANGED

14   WITH MR. PETERSON AND WITH OTHERS.

15           WE ALSO HAVE THE CORROBORATING TESTIMONY FROM

16   MR. PETERSON WHERE HE TOLD THE GOVERNMENT THAT SPENCER CLAIMED

17   TO USE THAT PHONE TO TAKE SEXUALLY-EXPLICIT PHOTOGRAPHS OF

18   CHILDREN, AND THEN HE WOULD MOVE THOSE PHOTOS FROM THE PHONE'S

19   CAMERA TO A PASSWORD-PROTECTED IPHONE APP, AND LATER THAT WAS

20   THE APP THAT WAS FOUND ON THERE, THE SECRET PHOTO AND VIDEO

21   VAULT PRO, SO THAT WAS CONFIRMED.

22           PETERSON ALSO TOLD THE GOVERNMENT THAT SPENCER USED

23   AN APP THAT MADE THE SCREEN GO BLACK SO THAT HE COULD TAKE

24   PHOTOS WITHOUT IT APPEARING TO BE ON, AND HE WOULD USE THE

25   BUTTONS FOR THE VOLUME TO SURREPTITIOUSLY TAKE PHOTOS.  AGAIN,

1   THAT WAS LATER CONFIRMED WHEN THE FBI FOUND AN APPLICATION

2   CALLED SPY CAMERA ON THE PHONE.

3           AND THEN THE KIK MESSAGES SHOW MR. SPENCER HIMSELF,

4   HIS OWN WORDS, SAYING THAT HE USED THAT PHONE TO TAKE

5   SEXUALLY-EXPLICIT IMAGES OF KIDS THAT HE WAS BABYSITTING.  HE

6   TALKED ABOUT PROPPING THE PHONE UP IN A BEDROOM AND THEN USING

7   HIS APPLE WATCH TO ACTUALLY MAKE IT TAKE THE PHOTOS SO HE

8   WASN'T IN THE ROOM, BUT THE KIDS WOULDN'T REALIZE THAT THEY

9   WERE BEING PHOTOGRAPHED.  AND THEN ON TOP OF THAT, THIS

10  APPLICATION, THIS IS SECRET PHOTO APPLICATION, WHEN IT'S

11  DOWNLOADED, IT HAS A FILE SIZE OF ABOUT 20 MEGABYTES.  BUT WHEN

12  THE FBI REVIEWED THE DOCUMENT -- THE PHONE, THE FILE SIZE,

13  INCLUDING EVERYTHING THAT'S STORED INSIDE IT, IS 20 GIGABYTES.

14  IT'S THE LARGEST APPLICATION ON THE PHONE, SHOWING THAT IT WAS

15  USED TO STORE IMAGES.

16          SO TAKEN TOGETHER, THIS MORE THAN MEETS THE STANDARD

17  OF REASONABLE PARTICULARITY TO BELIEVE THAT THAT PARTICULAR

18  APPLICATION CONTAINS THESE IMAGES.

19          **THE COURT:**  I MEAN, THE CASES -- I MEAN, THERE'S MORE

20  EVIDENCE HERE THAN PRETTY MUCH ANY CASE OUT THERE THAT HAS

21  ORDERED -- ISSUED AN ORDER OF DECRYPTION.

22          **MS. DORVALL:**  I BELIEVE THAT IN THIS CASE, ONE THING

23  THAT DEFINITELY SETS THIS CASE APART FROM PRETTY MUCH ALL CASE

24  LAW ON THE SUBJECT IS THAT THEY ARE BASING ALL OF THIS ON WORD

25  OF A CODEFENDANT.  AND THAT CODEFENDANT, WHAT IS IMPORTANT HERE

1    IS, ONE, HE'S SELF-INTERESTED.  BUT ASIDE FROM THAT, THE

2    INFORMATION HE ACTUALLY PROVIDED, THE APP THAT THEY'RE TALKING

3    ABOUT IN THE IPHONE, HE NEVER SAW THAT APP DIRECTLY.  HE HAS NO

4    IDEA WHAT'S DIRECTLY IN THAT APP.  HE KNOWS THAT HE HOOKED HIS

5    PHONE UP TO A COMPUTER, AND HE KNOWS THAT THERE WAS A FILE

6    TRANSFER.

7            HE HAS NO IDEA WHICH APPLICATION THAT CAME FROM, AS

8    FROM THE INDIVIDUAL COMPUTER --

9            (SIMULTANEOUS COLLOQUY.)

10           **THE COURT:**  WELL, WE KNOW THIS.  WE KNOW ALL THE

11   UNENCRYPTED FILES DON'T HAVE IT.

12           **MS. DORVALL:**  WELL, THAT'S --

13           **THE COURT:**  SO BUT -- BUT IT WENT THERE.  WE ALSO

14   KNOW THIS, WHAT MR. SPENCER SAID ALL HAS BEEN CORROBORATED.

15   LIKE, HOW COULD HE HAVE KNOWN THOSE THINGS.  IF YOU SAY, WELL,

16   HE'S JUST MAKING IT UP, BUT IT WAS ALL CORROBORATED.

17           **MS. DORVALL:**  I DON'T BELIEVE IT WAS ALL

18   CORROBORATED.  I BELIEVE THE KIK MESSAGES WERE, I CONCEDE THAT.

19   THEY HAVE THE KIK MESSAGES AND THE IMAGES THAT THEY SAW.

20           **THE COURT:**  HE ALSO SAID THE HARD DRIVE.  HE SAID,

21   OH, HE GOT ME THE SAME HARD DRIVE THAT HE GOT FOR HIMSELF.  IT

22   TURNED OUT THE EXACT SAME MODEL.  HOW COULD HE BE MAKING THAT

23   UP?

24           **MS. DORVALL:**  I'M NOT DISAGREEING THAT HE WAS IN THE

25   HOUSE.

1          **THE COURT:**  OKAY.

2          **MS. DORVALL:**  OR THAT HE WAS AT MR. SPENCER'S HOUSE.

3    WE'RE NOT DISAGREEING THAT HE WAS THERE TO ADMIT HE SAW CERTAIN

4    THINGS.  WE'RE JUST SAYING THAT THAT'S NOT SUFFICIENT TO RISE

5    TO THE STANDARD OF REASONABLE PARTICULARITY.

6          **THE COURT:**  THAT'S WHAT YOU'RE SAYING, BUT YOU DON'T

7    HAVE ANY CASE LAW THAT SUPPORTS.  AND IT'S OKAY, BUT IT'S --

8    IT'S NEW ARGUMENT.  I MEAN, IT'S NEW IN THE NINTH CIRCUIT, THE

9    WHOLE THING, SO I UNDERSTAND, BUT EVEN IN ALL THE OTHER CASES,

10   IT'S -- I MEAN, IT'S NEW, IN GENERAL, BECAUSE PEOPLE HAVEN'T

11   HAD THE ABILITY TO DECRYPT, AND THE GOVERNMENT HASN'T HAD THE

12   INABILITY TO UNENCRYPT, AND SO THERE IS NEW CASE LAW.

13          I COULD SEE WHERE THAT IT MIGHT NOT BE SUFFICIENT,

14   BUT IN THIS CASE, WITH MR. SPENCER'S TESTIMONY, ALL OF IT BEING

15   SO CLOSELY CORROBORATED, INCLUDING STUFF THAT HE SAID

16   IMMEDIATELY, SO IT'S NOT EVEN AFTER HIS GUILTY PLEA, IT'S STUFF

17   FROM BEFORE THAT HE SAID IS CORROBORATED.  I THINK THAT MAKES

18   THAT ARGUMENT TOUGH HERE.

19          AND, AGAIN, IT'S NOT -- EVEN IN THOSE CASES -- AND,

20   AGAIN, I'M NOT EVEN CLEAR -- IT'S NOT EVEN CLEAR TO ME UNDER

21   THE FIFTH AMENDMENT THAT THEY WOULD BE REQUIRED TO SHOW

22   REASONABLE PARTICULAR KNOWLEDGE OF THE CONTENT, BUT ASSUMING

23   THAT THEY ARE, IT'S NOT EXACT KNOWLEDGE, RIGHT?  IT'S

24   REASONABLE PARTICULARITY.  THIS SEEMS PRETTY PARTICULAR.  I

25   DON'T KNOW HOW YOU WOULD GET MORE PARTICULAR.

1           **MS. DORVALL:**  I WOULD SAY SPECIFICALLY IT'S TO THE

2    LAPTOP.  I THINK THAT IS THEIR WEAKEST ARGUMENT, BECAUSE HE

3    COULDN'T IDENTIFY WHICH LAPTOP MR. SPENCER POSSESSED.  SO I

4    WOULD ARGUE THAT SPECIFICALLY TO THAT ALIENWARE LAPTOP, THEY

5    DON'T HAVE REASONABLE PARTICULARITY AS TO THAT.

6           **THE COURT:**  I THOUGHT THERE WAS TWO, BUT THERE WAS

7    ONLY ONE WORKING?

8           **MS. GARCIA:**  THAT'S RIGHT, YOUR HONOR.  THERE WAS A

9    BLACK LENOVO LAPTOP THAT HAD NO HARD DRIVE IN IT.  SO IF MR. --

10   IF SPENCER WAS USING A COMPUTER, WHICH THIS ONE WAS FOUND ON

11   HIS DESK, IT WAS FOUND NEXT TO THE TRANSCEND EXTERNAL HARD

12   DRIVE -- AGAIN, MR. SPENCER GAVE THE PASSWORD TO IT.

13           IN FACT, THIS ISN'T IN THE PAPERS.  WE'VE JUST

14   RECENTLY FOUND IN FURTHER REVIEW OF THE COMPUTER IN THE

15   UNENCRYPTED PORTIONS OF THAT HARD DRI- -- OF THE ALIENWARE

16   LAPTOP, WE HAVE NOW FOUND CHILD PORNOGRAPHY.

17           OBVIOUSLY, THE MOTION FOCUSES ON THE ENCRYPTED

18   PARTITIONS, BUT I'LL REMIND THE COURT THAT MR. PETERSON TOLD US

19   THAT MR. SPENCER CLAIMED TO KEEP THE CHILD PORNOGRAPHY IN AN

20   ENCRYPTED PORTION OF HIS LAPTOP.

21           **THE COURT:**  WELL, IN A PARTITION, RIGHT?

22           **MS. GARCIA:**  YEAH.

23           **THE COURT:**  AND ON THE ALIENWARE, THERE IS, IN FACT,

24   AN ENCRYPTED --

25           **MS. GARCIA:**  AN ENCRYPTED --

1          **THE COURT:**  -- PARTITION.  AGAIN, IT JUST MATCHES

2     EXACTLY WITH WHAT MR. PETERSON SAID.

3          **MS. DORVALL:**  THERE ARE TWO LAPTOPS IN -- AT THIS

4     TIME THAT MR. PETERSON OBSERVED THIS, WAS SEVEN TO EIGHT MONTHS

5     PRIOR TO THE SEARCH WARRANT BEING EXECUTED.  SO THERE'S NO WAY

6     TO KNOW IF IT WAS THE LENOVO LAPTOP OR IF IT WAS THE ALIENWARE

7     LAPTOP HE SAW --

8          **THE COURT:**  WELL.

9          **MS. DORVALL:**  -- BECAUSE HE CAN'T PERSONALLY, UPON

10    LOOKING AT THEM, IDENTIFY WHICH ONE IT WAS.

11         **THE COURT:**  BUT THERE IS A -- BUT WITH REASONABLE

12    PARTICULARITY, IT'S NOT THAT YOU HAVE TO KNOW FOR CERTAIN.

13    AND, FRANKLY, IF IT WAS BEYOND A REASONABLE DOUBT, I THINK THAT

14    STANDARD MIGHT BE MET ANYWAY.  I MEAN, HE SAYS IT WAS A BLACK

15    LAPTOP THAT WAS -- HAD THIS ENCRYPTED PARTITION.  IT'S A BLACK

16    LAPTOP THAT HAS THIS ENCRYPTED PARTITION, AND IT'S THE ONLY

17    WORKING LAPTOP THAT WAS SITTING THERE.

18         **MS. DORVALL:**  BUT WE DON'T KNOW IF AT THE TIME HE HAD

19    TWO WORKING LAPTOPS.

20         **THE COURT:**  NO, WE DON'T KNOW, BUT WE HAVE NO REASON

21    TO BELIEVE THAT HE DID, EITHER.

22         BUT -- WELL, ANYWAY, I'M INTRIGUED BY THIS, WHY WE

23    EVEN NEED TO DO THIS.  WHAT'S TESTIMONIAL ABOUT THAT AT ALL,

24    SINCE ALL WITH WE'RE DOING IS UNCOVERING DOCUMENTS WHICH

25    PREEXISTED?  NOBODY COMPELLED HIM TO MAKE IT.  HE IS BEING

```
1   COMPELLED TO PUT IN THE PASSWORD.  SO THAT'S TESTIMONIAL.

2            MS. DORVALL:  YES.  AND HE WOULD BE COMPELLED TO USE

3   THE CONTENTS OF HIS MIND TO DO THAT.

4            THE COURT:  YES.

5            MS. DORVALL:  WHICH, AS YOU USED THE EXAMPLE OF A

6   KEY, IT'S NOT THE SAME AS A PHYSICAL ITEM.

7            THE COURT:  NO, NO, NO.  BUT IT'S A FOREGONE

8   CONCLUSION THAT HE KNOWS THE PASSWORD.  SO THAT'S WHY IT FALLS

9   INTO THAT.  I MEAN, THAT'S WHY WE'RE EVEN IN THE FIFTH

10  AMENDMENT REALM AT ALL, BECAUSE THAT IS.  BUT HE'S NOT REQUIRED

11  TO BE -- AT THAT -- AFTER THAT POINT, HE'S NOT REQUIRED TO USE

12  HIS MIND AT ALL.

13           MS. DORVALL:  NO, BUT HE'S STILL PROVIDING EVIDENCE.

14           AND AT THIS POINT, THEY ARGUE IN THEIR PAPERS IT'S

15  NOT A FISHING EXPEDITION, WHICH PRESUMES THAT THEY KNOW

16  EVERYTHING THAT'S ON THE PHONE, THE ALIENWARE LAPTOP AND ON THE

17  EXTERNAL HARD DRIVE.

18           THE COURT:  WITH REASONABLE PARTICULARITY.

19           MS. DORVALL:  YES, BASED ON WHAT MR. PETERSON SAID.

20  AND I WOULD SUBMIT THAT AT THIS POINT THEY DON'T KNOW, AND

21  PHONES AND COMPUTERS AND ALL OF THAT, AS SHOWN IN THE NINTH

22  CIRCUIT, ARE NOT EXACTLY THE SAME THING AS BANK PAPERWORK THAT

23  THEY HAVE USED IN OTHER CASE BECAUSE IT CONTAINS ASPECTS OF

24  YOUR LIFE THAT WOULD NOT BE --

25           (SIMULTANEOUS COLLOQUY.)
```

1      **THE COURT:**  THAT'S WHY YOU HAVE TO GET A WARRANT.

2   EXACTLY.  AND WHAT DO WE HAVE HERE?  A WARRANT.  A WARRANT

3   WHICH MR. SPENCER IS INTERFERING WITH.  THAT'S WHAT IT IS.

4   THEY'VE MET THAT BURDEN.  YOU HAVE TO GET A WARRANT, THAT'S

5   RIGHT, FOR A PHONE.  THE SUPREME COURT MADE THAT CLEAR LAST

6   YEAR.  TO SEARCH A PHONE, YOU HAVE TO GET A WARRANT.  THEY GOT

7   IT.  IT WAS SIGNED.

8      **MS. DORVALL:**  YES.

9      **THE COURT:**  BUT NOW YOU'RE SAYING BUT EVEN -- SO

10  THAT'S MET.  SO THAT CAN'T BE THE ARGUMENT.

11     **MS. DORVALL:**  YEAH, THEY NEED A WARRANT TO SEARCH THE

12  PHONE, BUT I STILL BELIEVE HIS FIFTH AMENDMENT PROTECTION

13  EXTENDS TO HIM NOT BEING FORCED TO USE THE CONTENTS OF HIS MIND

14  TO UNLOCK THAT PHONE.  THEY HAVE SEVERAL TECHNIQUES, AS THEY

15  STATED, AND THEY'VE APPARENTLY MADE PROGRESS, IN THE TIME THAT

16  THIS HAS BEEN FILED, TOWARD DECRYPTING THAT.  I DON'T BELIEVE

17  IT'S NECESSARY --

18     **THE COURT:**  I BELIEVE SHE SAID IT WAS AN UNENCRYPTED

19  PART OF THE LAPTOP.

20     **MS. GARCIA:**  THAT'S RIGHT, YOUR HONOR.  IN THE

21  UNENCRYPTED PORTION OF THE ALIENWARE.  WE HAVE NOT MADE

22  PROGRESS IN DECRYPTING THE ENCRYPTED PORTION OF THE LAPTOP.

23     **MS. DORVALL:**  BUT I BELIEVE THAT UNDER THE FIFTH

24  AMENDMENT, THEY HAVE TOOLS TO DO THIS.

25     **THE COURT:**  WHAT --

1          **MS. DORVALL:**  THEY DON'T NEED TO FORCE MR. SPENCER TO

2    TESTIFY AGAINST HIMSELF BY USING THE CONTENTS OF HIS MIND TO

3    UNLOCK SOMETHING THAT IS, BY ALL INDICATIONS, INCREDIBLY

4    INCRIMINATING AGAINST HIMSELF.  I JUST BELIEVE --

5          **THE COURT:**  BUT IT'S A FOREGONE CONCLUSION.  THAT'S

6    THE ISSUE.  THAT'S THE PROBLEM.  IT IS A FOREGONE CONCLUSION.

7          BUT, AGAIN, THE TESTIMONIAL ASPECT IS THAT HE KNOWS

8    PASSWORD.

9          **MS. DORVALL:**  THAT HE WOULD BE FORCED TO USE THE

10   CONTENTS OF HIS MIND, YES.

11         **THE COURT:**  TO DISCLOSE THE PASSWORD.

12         **MS. DORVALL:**  THE PASSWORD OR THE ENCRYPTION KEY.

13         (SIMULTANEOUS COLLOQUY.)

14         **THE COURT:**  EXACTLY.  RIGHT.  NO, THAT IS -- THAT'S

15   WHY WE'RE IN THE FIFTH AMENDMENT REALM AT ALL, RIGHT?

16         **MS. DORVALL:**  YES.

17         **THE COURT:**  BUT THAT'S A FOREGONE CONCLUSION THAT HE

18   KNOWS IT, BECAUSE IT'S HIS PHONE --

19         **MS. DORVALL:**  I DON'T BELIEVE THAT THAT'S -- THAT'S

20   THE ISSUE, THOUGH, THAT HE KNOWS IT.  THAT HE KNOWS IT GOES

21   MORE TOWARDS POSSESSION AND CONTROL.  IT'S HIM BEING FORCED TO

22   APPLY THAT KNOWLEDGE THAT GETS US TO THE FIFTH AMENDMENT, BY

23   HIM BEING FORCED TO GIVE THEM THAT INFORMATION.

24         **THE COURT:**  NO, HE'S ONLY BEING FORCED -- THE ORDER

25   IS ONLY GOING TO REQUIRE HIM TO DECRYPT, PUT THE PASSWORD IN.

1        **MS. DORVALL:**  RIGHT.  BUT ONCE HE DOES THAT, THAT

2   PROVES PARTS OF THEIR CASE BECAUSE ELEMENTS OF THE CASE ARE

3   POSSESSION.

4        **THE COURT:**  THAT'S ALREADY BEEN PROVED BECAUSE IT'S

5   HIS PHONE.  WHATEVER'S ON THAT PHONE HAS ALREADY BEEN PROVED.

6   IT'S HIS PHONE.  IT'S HIS PHONE.  JUST LIKE EVERYTHING THAT'S

7   NOT ENCRYPTED, THAT'S BEEN PROVED.

8        **MS. DORVALL:**  BUT THEY'VE PROVEN THAT WITHOUT

9   ASSISTANCE, AND THEY SAY THEY COULD --

10        **THE COURT:**  WELL, ACTUALLY, THEY DID HAVE HIS

11   ASSISTANCE.  HE VOLUNTARILY PUT IN THE PASSWORD.  WELL,

12   ARGUABLY.

13        ALL RIGHT.  WHAT ABOUT THAT, ABOUT WHETHER -- WHY YOU

14   ACTUALLY HAVE TO SHOW REASONABLE PARTICULARITY AS TO THE

15   CONTENTS?

16        **MS. GARCIA:**  ARGUABLY, YOU'RE RIGHT, YOUR HONOR.  I

17   AGREE THAT FOOTNOTE IN THE 3RD CIRCUIT MAKES PERFECT SENSE.

18   FOR EXAMPLE, I KNOW THE PASSWORD TO MY MOM'S PHONE, AND I COULD

19   UNLOCK IT FOR YOU, BUT I DON'T KNOW WHAT SHE HAS ON IT.  SO

20   KNOWLEDGE OF THE PHONE -- KNOWLEDGE OF THE PASSCODE DOESN'T

21   MEAN YOU HAVE KNOWLEDGE OF THE CONTENTS, AND, THEREFORE JUST

22   BEING ABLE TO PRODUCE THESE DEVICES IN AN UNENCRYPTED STATE

23   DOESN'T SAY ANYTHING ABOUT WHAT'S ON THEM.  PLENTY OF PERFECTLY

24   NORMAL NONCONTRABAND ITEMS COULD BE ON THE DEVICES, AND THAT'S

25   NOT SOMETHING THAT'S COMMUNICATED INHERENTLY BY THE ACT OF

1    DECRYPTING IT.

2           TO BE SAFE, GIVEN THAT THE 3RD CIRCUIT AND THE 11TH

3    CIRCUIT BOTH INQUIRED INTO THIS, AND GIVEN THAT OBVIOUSLY WE'VE

4    SEIZED THESE DEVICES WITH A SEARCH WARRANT, SHOWED PROBABLE

5    CAUSE TO BELIEVE THEY CONTAINED CHILD PORNOGRAPHY, WE'RE KIND

6    OF ERRING ON THE SIDE OF CAUTION HERE AND SHOWING THAT WE CAN

7    ALSO SHOW THAT IT'S FOREGONE CONCLUSION THAT THEY CONTAIN CHILD

8    PORNOGRAPHY.

9           AND WE'D RESPECTFULLY REQUEST THAT IF THE COURT IS

10   INCLINED TO GRANT THE APPLICATION, THAT YOU MAKE FINDINGS AS TO

11   THOSE --

12          **THE COURT:**  NO, NO, NO.  I WOULD DO IT IN THE --

13   ALTERNATIVELY, YEAH.

14          **MS. GARCIA:**  BUT I CERTAINLY AGREE WITH YOUR

15   REASONING, THAT KNOWING THE PASSWORD DOESN'T ACTUALLY SAY

16   ANYTHING ABOUT WHAT'S ON THE DEVICES.

17          **THE COURT:**  ALL RIGHT.  ANYTHING FURTHER?

18          **MS. DORVALL:**  NO, YOUR HONOR.

19          **THE COURT:**  OKAY.  ALL RIGHT.  WELL, I'M GOING TO

20   GRANT THE WRIT.  I'LL ISSUE A WRITTEN ORDER, BECAUSE THIS IS AN

21   ISSUE OF FIRST IMPRESSION IN THIS CIRCUIT.

22          HAVE YOU SUBMITTED A PROPOSED ORDER, NOT

23   SUBSTANTIVELY, BUT WITH RESPECT TO THE WORDING OF THE ORDER?

24          **MS. GARCIA:**  WE SUBMITTED A KIND OF STANDARD, YOU

25   KNOW, TWO PARAGRAPH, ONE ABOUT MAKING THE DEVICES AVAILABLE IN

1   THE COURTROOM, AT WHICH POINT MR. SPENCER COULD TYPE IN THE

2   PASSWORDS OR UNLOCK THEM IN WHATEVER WAY NECESSARY OUTSIDE THE

3   PRESENCE OF THE GOVERNMENT.  SO WE SUBMITTED THAT.  NOTHING

4   SUBSTANTIVE ABOUT THE ANALYSIS OF THE FIFTH AMENDMENT.

5             **THE COURT:**  RIGHT.  RIGHT.  OKAY.  ALL RIGHT.  WELL,

6   I IMAGINE THERE WILL BE FURTHER PROCEEDINGS IN ANY EVENT BEFORE

7   THAT HAPPENS.

8             OKAY.  THANK YOU.

9             **MS. GARCIA:**  THANK YOU, YOUR HONOR.

10            (PROCEEDINGS ADJOURNED AT 11:40 A.M.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          **CERTIFICATE OF TRANSCRIBER**

2

3          I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

4     TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF

5     THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE

6     U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE

7     PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE

8     ABOVE MATTER.

9          I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR,

10    RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN

11    WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT

12    FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE

13    ACTION.

14

15

16                    JOAN MARIE COLUMBINI

17                    MARCH 28, 2018

18

19

20

21

22

23

24

25